IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JERRY LEE EMERSON, | : | |
| Plaintiff | : | |
| VS. | : | 1 : 04-CV-158 (WLS) |
| DR. AYERS, | : | |
| Defendant. | : | |

## RECOMMENDATION

Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

The plaintiff filed this action in October 2004, alleging that during his incarceration at Calhoun State Prison, Dr. Ayers had been deliberately indifferent to his serious medical needs. The plaintiff maintains that on June 20, 2003, he was involved in an altercation with another inmate, resulting in plaintiff's knee being injured. Plaintiff states that "upon arriving at the Medical's attention [sic] . . . I was forced to wait for over an hour to be seen by Dr. Ayers who was on break at the time. Once I was seen by Dr. Ayers he briefly examined my knee and prescribed the use of a pair of crutches and allowed me to have eight 200 milligrams Ibuprofen for the pain. I requested from Dr. Ayers that an x-ray be done on my knee as it was very swollen and blue. Dr. Ayers refused outright and directed me back to my dorm." Approximately eight (8) days later, an x-ray of plaintiff's knee revealed a broken patella and plaintiff was sent to

August State Medical Prison for additional care.

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  Defendant Dr. Ayers has supported his motion with his affidavit.

At all times relevant to this complaint, defendant Dr. Ayers was a physician employed by the Medical College of Georgia and assigned to Calhoun State Prison.  In his affidavit, Dr. Ayers states that he "examined plaintiff and prescribed crutches and Ibuprofen.  I ordered x-rays.  Plaintiff was sent to Augusta State Medical College Prison where he received additional medical care.  Plaintiff was provided timely and appropriate medical care."  Ayers affidavit at ¶ 2.  In his unsworn response to the defendant's summary judgment motion, the plaintiff maintains that delay in the treatment of his knee caused him extra pain and suffering inasmuch as the broken bones had already begun to heal and had to be put "back together with wires and pins".

"[T]he question whether an x-ray -- or additional techniques or forms of treatment -- is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment."  Estelle v. Gamble, 429 U.S. 97,107 (1976).  Rather, deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action."  Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994).  To the extent that the plaintiff disagrees with the course of treatment provided by the defendant, such disagreement over the proper course of medical treatment will not support a claim of deliberate indifference. "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations.  Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted).  Additionally, the plaintiff has failed to establish the existence of a delay that resulted in the exacerbation of his condition.   "[D]elay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay."  Hill v. DeKalb RYDC, 40 F.3d 1176, 1189 (11th Cir. 1994).  "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed."  Hill, 40 F.3d at 1188.

There is no disagreement herein as to the facts underlying this lawsuit; both the plaintiff and the defendant agree that the plaintiff's knee was injured and that some delay took place between Dr. Ayers' initial examination and treatment and later x-rays and surgery.  However,

although the plaintiff asserts that the delay was attributable to Dr. Ayers and that the delay exacerbated his condition, he has failed to bring forth any evidence of this delay, in the form of medical records or his own sworn testimony.  The court notes that "as with all medical care provided to prisoners, it is not constitutionally required that [such] health care be 'perfect, the best obtainable, or even very good'".  <u>Harris</u>, 941 F.2d at 1510.

     Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 3rd day of February, 2006.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb